UNITED STATES of America,
Plaintiff-Appellee,

v.

Charles R. CRUTHERS,
Defendant-Appellant.

No. 75–1833.

United States Court of Appeals,
Ninth Circuit.

Sept. 29, 1975.

E. Richard Ealker (argued), Federal Public Defender, Sacramento, Cal., for defendant-appellant.

Donald H. Heller (argued), Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

## OPINION

Before BROWNING and WALLACE, Circuit Judges, and WILLIAMS,* District Judge.

### PER CURIAM:

Appellant, Charles R. Cruthers, was convicted of theft of government property. 18 U.S.C. § 641. Appellant's alleged theft consisted of cutting 70 pole size Ponderosa Pines from the surface of his unpatented mining claim and using the timber to construct a residential cabin on private property—his adjacent patented claim.

The issue on appeal is whether the district court erred in instructing the jury that "a claimant to an unpatented claim may not cut or remove trees or logs for use for any purpose on private property." Appellant's proffered instruction, rejected by the trial court, would have required acquittal if the jury found that "the cabin was to be used for purposes of operating the unpatented mining claim."

Timber on an unpatented mining claim cannot be cut or removed "[e]xcept to the extent required for the mining claimant's prospecting, mining or processing operations and uses reasonably incident thereto, or for the construction of buildings or structures in connection therewith . . . ." 30 U.S.C. § 612(c). Rather than limiting the place where timber from an unpatented claim may be used, the statute allows use of such timber, including use for the construction of buildings, "to the extent required" for uses "reasonably incident to" or "in connection" with legitimate mining operations related to the unpatented claim. Thus, nothing in the statute prohibits use of timber cut from the surface of an unpatented claim on private property if such timber is required for a use reasonably incident to legitimate mining operations in connection with the unpatented claim. Timber may be cut on a mining claim only if it is required for use in development of that claim, but it need not be used within the physical limits of the claim. An interpretation of the statute unconditionally barring use, on any other land under any circumstances, of timber cut on an unpatented claim would place an arbitrary obstacle in the way of orderly mining operations on unpatented claims and would thwart the statute's purpose of promoting proper development of mining claims on public lands without abuse of the surface resources.

The instruction given was therefore erroneous. The error was clearly prejudicial. The conviction must be set aside.

Reversed and remanded.

* Honorable David W. Williams, United States District Judge for the Central District of California, sitting by designation.